IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 13-78-GMS |
| | ) | |
| AUSTIN ALCALA, | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its undersigned attorneys, and the defendant, Austin Alcala, by and through his undersigned attorney, the following agreement is hereby entered into by the respective parties:

1.  The defendant agrees to plead guilty to Count 1 of the Superseding Indictment, charging him with Conspiracy to commit the following offenses, in violation of Title 18, United States Code, Section 371:

    a. Fraud and Related Activity in Connection with Computers (unauthorized access to a protected computer for commercial advantage and private financial gain), in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(i) and (iii);

    b. ~~Fraud and Related Activity in Connection with Computers (unauthorized access to a protected U.S. Government computer for commercial advantage and private financial gain), in violation of Title 18, United States Code, Sections 1030(a)(2)(B) and (C) and (c)(2)(B)(i) and (iii);~~ [struck through, initialed 4/1/15]

1

  c. Criminal Copyright Infringement, in violation of Title 17, United States Code, Section 506(a)(1)(C), and Title 18, United States Code, Section 2319(d)(2).

The maximum penalties for this Offense of Conviction are: 5 years of imprisonment; a fine in the amount of the greater of $250,000 or twice the gain/loss; 3 years of Supervised Release; and a $100 Special Assessment.

2. The defendant acknowledges that the elements of Conspiracy to commit the foregoing offenses, as charged in Count 1 of the Superseding Indictment, are as follows:

  a. That two or more persons conspired and agreed to commit an offense against the United States;

  b. The defendant was party to or a member of that agreement;

  c. The defendant willfully joined the agreement or conspiracy knowing of its objective to commit the following offenses against the United States:

   i. Fraud and Related Activity in Connection with Computers by intentionally accessing, without authorization, a protected computer used in or affecting interstate or foreign commerce and thereby obtaining information from that computer, namely network log-in credentials, personal data relating to network users, authentication keys, confidential and proprietary business information; financial information and intellectual property, including but not limited to trade secrets, for the purpose of commercial advantage and private financial gain, where the value of that information exceeds $5,000, in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(i) and (iii);

~~ii. Fraud and Related Activity in Connection with Computers by intentionally accessing, without authorization, a protected computer used in or affecting interstate and foreign commerce and exclusively for the use of the United States Government, and thereby obtaining information from any department or agency of the United States, for the purposes of commercial advantage and private financial gain, where the value of the information obtained exceeds $5,000, in violation of Title 18, United States Code, Sections 1030(a)(2)(B) and (C) and (c)(2)(B)(i) and (iii);~~ *[struck through, initialed 4/1/15]*

iii. Criminal Copyright Infringement by the distribution, for the purpose of commercial advantage and private financial gain, of works being prepared for commercial distribution, by making them available on computer networks accessible to members of the public, where the defendants knew or should have known that the works were intended for commercial distribution, in violation of Title 17, United States Code, Section 506(a)(1)(C), and Title 18, United States Code, Section 2319(d)(2);

d. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act to further the objectives of the agreement.

3. The defendant knowingly, voluntarily, and intelligently admits that he is guilty of the offense outlined in Paragraph 2. The defendant stipulates and agrees that the conduct set forth in the Superseding Indictment is attributable to him at sentencing as relevant conduct

pursuant to Guidelines Section 1B1.3. The defendant further stipulates and agrees that the value of the intellectual property and other proprietary information at issue ranged between $100 million and $200 million for purposes of Guidelines Section 2B1.1(b)(1)(N).

4.  The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5.  At or about the time of sentencing, the Government will move to dismiss Counts 2, 5-7, 10-11, 14, 16 and 18 of the Superseding Indictment, with prejudice, as against the defendant.

6.  Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). If the defendant's offense level is 16 or greater, the United States will move for an additional one point reduction, pursuant to U.S.S.G. § 3E1.1(a) and (b).

7.  Except as provided in Paragraph 6 regarding an additional one-level reduction for acceptance of responsibility, the United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the district court.

8. The defendant agrees to pay the $100 special assessment on the day of sentencing. If the Court orders the payment of any fine as part of the defendant's sentence, the defendant agrees voluntarily to enter the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

9. Upon conviction of the offense of Conspiracy to Commit Computer Fraud and Criminal Copyright Infringement, as alleged in Count 1 of the Superseding Indictment, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 981(b), 1030(i), 1030(j), 2323(b); Title 17, United States Code, Sections 506(b) and 509(a); and Title 28, United States Code, Section 2461(c):

    a. any interest in any personal property that was used and intended to be used to commit and to facilitate the commission of the criminal violation charged in Count 1 of the Superseding Indictment, and any property, real and personal, constituting and derived from, any proceeds that any defendant obtained, directly and indirectly, as a result of such violation.

    b. all copies manufactured, reproduced, distributed, sold, or otherwise used, intended for use, or possessed with intent to use in violation of the offense under Section 506(a), and all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced, and all electronic, mechanical, and other devices for manufacturing, reproducing, and assembling such copies, and any property used, or intended to be used in any manner or part, to commit or facilitate the commission of the offense of conviction.

Such forfeited property shall include, but not be limited to, the following:

a. Seagate hard drive (4TB) SN:Z300AFQA;

b. ASUS G74S laptop computer, S/N: B6N0AS259688248;

c. Thermaltake homebuilt computer;

d. XBox 360 with blue top and power adapter;

e. XBox 360 S Console XDK; MS equipment E862659; S/n 600712511405;

f. XBox 360 prototype, S/N 500520252206, disassembled;

g. ASUS x83V Laptop and charger, S/N 83N0AS586131398;

h. USB flashdrive;

i. SanDisk USB thumbdrive 8GB;

j. USB thumbdrive 2GB;

k. ASUS 653S Laptop and charger, S/N B9N0AS21048436C;

l. Toshiba External hard drive, 750GB S/N 40N3F1E1SKM6;

m. Nine CD-Rs labeled "XDK Recovery;"

n. Loose DVD's;

o. Partnership Agreement;

p. XBox One box containing XBox One components;

q. One Hitachi 30GB hard drive S/N LQUF14DDOP;

r. Sony Vaio Laptop and charger S/N 546101000000340;

s. American Express Bluebird card - 3751 510016 46122;

t. American Express Bluebird card - 3751 510663 81615;

u. American Express Bluebird card - 3751 511492 69026;

v. Greendot MasterCard - 5192 8510 0110 4135;

w.    PayPal MasterCard - 5581 5884 7498 6841;

x.    Seagate hard drive, 2.5" 500GB S/N 5WR02MSD;

y.    Checkbooks for accounts from M&I Bank, account number 00544 40078, and Huntington Bank - account number 02554723912;

z.    iPhone with case, charger, IMEI: 013790003793776;

aa.    Western Digital USB Drive, S/N WXH1A40X8805;

bb.    Acer personal computer, Model Aspire X3200 S/N PTSAT0X03483703F0053003;

cc.    HP Pavilion Slimline Computer - S/N MXX1440217;

dd.    BMO Harris MasterCard – 5459584632550651;

ee.    Forum Credit Union - 582075 515 6569010;

ff.    Capital One Visa – 4003449245948177;

gg.    Huntington MasterCard – 5175452550267430;

hh.    PayPal MasterCard – 5581588899970248;

ii.    PayPal card - NSEU00082757;

jj.    Checkbooks for accounts from BMO Harris Bank, account # 48130 44573, and Huntington Bank, account # 044000024;

kk.    One Check made out to Austin Alcala for $1150;

ll.    One XBox 360 Prototype Hard Drive 160GB;

mm.    One Black Home Built Desktop;
nn.    XBox Hard Drives, 360 Prototype, XBox One Hard Drive;

oo.    Loose Media (PS3, DVD);

pp.    One Black Home Built Desktop;

qq.    Loose hard drives (20GB, 1TB);

rr.    One XBox 360 - S/N 112896181505;

ss.  One XBox 360, Black, Prototype, No serial number;

tt.  One XBox One - S/N 172575133748;

uu.  One XBox One - S/N 205265133748;

vv.  One XBox 360 Beta - S/N JADKEV2;

ww.  White XBox One - S/N 183568434048;

xx.  One XBox 360 - S/N 2431344102325302;

yy.  One XBox 360 - S/N 456593384405;

zz.  One XBox 360 - S/N 514413362305;

aaa.  One XBox 360 - S/N removed;

bbb.  One XBox 360 - S/N 312148261805;

ccc.  One XBox 360 - S/N 461266384405;

ddd.  One XBox 360 - S/N 205843663105;

eee.  One XBox 360 - S/N 600515490305;

fff.  One XBox 360 - S/N 601055453005;

ggg.  One XBox 360 - S/N 106720560806;

hhh.  One XBox 360 - S/N 214458482505;

iii.  One XBox 360 - S/N 600536190305;

jjj.  One XBox 360 - S/N 452478584405;

kkk.  One XBox 360 - S/N 200665263205; and

lll.  One XBox 360 - S/N 601531563205.

10. If any of the property described above, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) (as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c)).

    11.    The defendant further agrees to waive all interest in the assets identified in Paragraph 9 in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before sentencing if requested to do so.

    12.    The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. § 2255. Notwithstanding the foregoing, the defendant reserves his right (1) to file an appeal or other collateral motion on the grounds that he received ineffective assistance of

counsel; and (2) to appeal his sentence if: (a) the government appeals from the sentence, (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (c) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

13. It is further agreed by the undersigned parties that this Memorandum constitutes the entire agreement between the parties, except as may be modified by written agreement executed by all of the undersigned parties; that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

LESLIE R. CALDWELL
ASSISTANT ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION

By: _____
James Silver
Deputy Chief for Litigation
Computer Crime & Intellectual Property Section

_____
Austin Alcala
Defendant

Dated: _____4\1_____, 2015

CHARLES M. OBERLY, III
UNITED STATES ATTORNEY

By: _____
Edward J. McAndrew
Assistant United States Attorney

_____
Eugene J. Maurer, Jr., Esq.
Counsel for Defendant

AND NOW this __1st__ day of __April__, 2015, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
Honorable Gregory M. Sleet
United States District Judge